ORIGINAL

# In the United States Court of Federal Claims

No. 16-1711C (Pro Se)
(Filed: June 13, 2017 | Not for Publication)

**FILED**
**JUN 1 3 2017**
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| GEORGE JURICH,  )<br>            )<br>    Plaintiff,  )<br>            )<br>  v.        )<br>            )<br>THE UNITED STATES OF AMERICA,  )<br>            )<br>    Defendant.  )<br>            ) | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; Military Pay Act; Statute of Limitations; 28 U.S.C. § 2501. |

*George Jurich*, Muskegon Heights, MI, pro se.

*Kara M. Westercamp*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant. *Adam Frey*, Military Personnel Attorney, U.S. Air Force General Litigation Division, Joint Base Andrews, MD, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

The pro se plaintiff in this case, George Jurich, has been incarcerated since 1984. Before his imprisonment, he served in the U.S. Air Force. Mr. Jurich claims that he was never discharged from the Air Force and that, as a result, he is entitled to back pay under the Military Pay Act. He also requests an award of damages based on the allegedly tortious acts of several Air Force and Department of Defense officials.

The government has moved to dismiss Mr. Jurich's complaint for lack of subject matter jurisdiction and for failure to state a claim. For the reasons discussed below, the Court concludes that it lacks jurisdiction over all of Mr. Jurich's claims. Accordingly, his complaint is **DISMISSED** without prejudice.[1]

---

[1] Mr. Jurich has also filed a motion to appoint counsel (Docket No. 2) and a motion to proceed in forma pauperis (Docket No. 7). His motion to appoint counsel is **DENIED** and his motion to proceed in forma pauperis is **GRANTED** solely for purposes of deciding the government's motion to dismiss. Further, the Court has received a document from Mr. Jurich in which he requests a correction to the record and reconsideration of an earlier Order returning a document to him unfiled. In the earlier order, dated May 1,

## BACKGROUND[2]

Mr. Jurich is a former member of the U.S. Air Force. See Am. Compl. ¶ 7, Docket No. 6. He alleges he last held the rank of Technical Sergeant (E-6). See id. ¶¶ 7–8. On April 7, 1984, while still a member of the armed services, Mr. Jurich was apparently arrested. Id. ¶¶ 7, 9, 11. On March 26, 1985, he was found guilty of first-degree murder in a state court in Michigan and sentenced to life in prison. Id. ¶¶ 11–13.

Mr. Jurich alleges that, while he was incarcerated awaiting trial, the Air Force unlawfully withheld his military pay for the period from April 7, 1984, through March 26, 1985. Id. ¶ 15 (alleging "conversion . . . for misappropriating and unlawfully withholding funds in the form of [his] last military pay check"). He claims that his pay for that period would have totaled $30,000. Id. ¶ 17. Mr. Jurich also contends that he has never, in fact, been discharged from military service, nor relieved of his temporary active duty orders. Id. ¶ 16. Thus, he claims that he is also entitled to back pay in the amount of $2,000,000 for the period from March 27, 1985 through the present. Id. ¶ 18.

Further, he alleges that the government is "liable for intentional tortious conduct" because it "deliberately and intentionally withheld [his] Military back pay with the knowledge that [he] has never been discharged from Military Service." Id. ¶ 26. He requests "damages in the amount of $500,000.00" as a result. Id. ¶ 28. He asserts all of his claims against the United States and a number of individuals acting in their official capacities. See id. at 1.

The government has moved to dismiss Mr. Jurich's complaint under Rules of the Court of Federal Claims (RCFC) 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Docket No. 9.

---

2017, the Court returned to Mr. Jurich a purported response to the government's reply in support of its motion to dismiss. In the document the Court has now received, Mr. Jurich claims that his response to the government's motion to dismiss has never been filed. He thus requests that the Court reconsider the May 1, 2017 Order and allow him to file a response to the government's reply in support of its motion to dismiss. The record, however, reflects that Mr. Jurich's response to the government's motion to dismiss was filed by the Court's leave on March 22, 2017. See Docket No. 10. There is thus no need to correct the record or reconsider the May 1, 2017 Order. The Clerk is therefore directed to return Mr. Jurich's request for reconsideration and correction of the record to him unfiled.

[2] The facts set forth in this section are drawn from the allegations in Mr. Jurich's complaint, which the Court accepts as true for purposes of deciding the government's motion to dismiss, as well as on jurisdictional facts drawn from the documents attached to the parties' submissions.

## DISCUSSION

### I. Jurisdictional Principles

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court may also "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

It is well established that complaints filed by pro se plaintiffs (such as this one) are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

### II. Jurisdiction Under the Tucker Act

The Court of Federal Claims is a court of "limited jurisdiction." E.g., Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The court's primary grant of jurisdiction is found in the Tucker Act, which gives the court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

As the Supreme Court has explained, the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). It does not, however, confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, to invoke the Court's Tucker Act jurisdiction, a plaintiff must identify an independent source of a substantive right to money damages from the United States, whether that be a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

### III. Application to Mr. Jurich's Complaint

As an initial matter, the plain language of the Tucker Act excludes claims "sounding in tort" from the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)). Accordingly, the Court lacks jurisdiction over Mr. Jurich's claims of conversion and tortious misconduct. Further, the Court of Federal Claims may not entertain claims against any defendant other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Brown, 105 F.3d at 624.

3

The Court therefore lacks jurisdiction over the claims Mr. Jurich asserts against Air Force and Department of Defense officials acting in their official capacities.

On the other hand, it is well-established that the Military Pay Act, 37 U.S.C. § 204, is a money-mandating statute sufficient to confer a substantive right to money damages upon a plaintiff. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc); Bias v. United States, 131 Fed. Cl. 350, 354 (2017). The government contends, however, that the Court lacks subject matter jurisdiction over Mr. Jurich's Military Pay Act claim because that claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501. See Def.'s Mot. to Dismiss (Def.'s Mot.) at 4–5.

Section 2501 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six year after such claim first accrues." Id. The statute is jurisdictional and may not be equitably tolled. See Young v. United States, 529 F.3d 1380, 1384 (Fed. Cir. 2008); Martinez, 333 F.3d at 1304.

A claim under the Military Pay Act generally accrues "no later than the date of the service member's discharge from active duty." Ackerman v. United States, No. 07-787C, 2009 WL 586121, at *2 (Fed. Cl. Feb. 27, 2009). Despite his long incarceration, Mr. Jurich asserts that the limitations period has not run because the Air Force has never, in fact, discharged him from active duty. See Am. Compl. ¶¶ 6, 20. In support, he alleges that in 2003, a federal magistrate judge found that he had not been discharged. Id. ¶ 20.

The magistrate judge, however, reached the opposite conclusion. See Def.'s Mot. App. at A4–5. Thus, although the judge noted that the government could not locate Mr. Jurich's "final discharge papers," he found that "other records . . . corroborate[d] [Mr. Jurich's] length of military service." Id. at A4 (footnote omitted). These records included "a June 1, 1984 document entitled 'Discharge Order'" and a document containing "the official calculation of [Mr. Jurich's] military retirement eligibility," which "reflect[ed] every day upon which he served active duty." Id. at A4–5.

Based on these facts, it is clear to the Court that any Military Pay Act claim Mr. Jurich wished to assert accrued in 1984 upon Mr. Jurich's discharge from the Air Force. The statute of limitations has thus long since run. And because the statute of limitations serves as a jurisdictional bar, the Court therefore lacks subject matter jurisdiction over Mr. Jurich's Military Pay Act claim.[3]

---

[3] As the government points out, even if the Court had jurisdiction over Mr. Jurich's Military Pay Act claim, he has failed to state a claim upon which relief may be granted under that Act because a service member is not entitled to pay while absent from duty due to incarceration. See Matthews v. United States, 750 F.3d 1320, 1323 (Fed. Cir. 2014); Harris v. United States, No. 16-560C, 2017 WL 532347, at *2 (Fed. Cl. Feb. 9, 2017); Farris v. United States, No. 14-172C, 2016 WL 446942, at *2 (Fed. Cl. Feb. 3,

4

In sum, the Court lacks jurisdiction over all of Mr. Jurich's claims. His complaint therefore must be dismissed.

## CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over Mr. Jurich's claims. His complaint is therefore **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

*[signature]*

ELAINE D. KAPLAN
Judge

---

2016); see also 37 U.S.C. § 503(a). This would provide an independent basis for dismissing Mr. Jurich's complaint.