ORIGINAL

# In the United States Court of Federal Claims

No. 16-1711C (Pro Se)

(Filed: July 27, 2018 | Not for Publication )

| | |
|---|---|
| GEORGE JURICH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Keywords: Pro Se Plaintiff; Motion for Relief From Judgment; RCFC 60(b). |

FILED
JUL 27 2018
U.S. COURT OF
FEDERAL CLAIMS

*George Jurich*, Muskegon Heights, MI, pro se.

*Kara M. Westercamp*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant. *Adam Frey*, Military Personnel Attorney, U.S. Air Force General Litigation Division, Joint Base Andrews, MD, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

On June 13, 2017, the Court granted the government's motion to dismiss this case for lack of subject matter jurisdiction. Docket No. 14 (hereinafter, "Opinion Dismissing Case"). Plaintiff George Jurich has now filed a motion for relief from the Court's earlier judgment on the basis of Rule 60(b) of the Rules of the Court of Federal Claims (RCFC).

As the Court set forth in its previous opinion, Mr. Jurich is a former member of the U.S. Air Force who was arrested while still a member of the armed services and ultimately sentenced to life in prison by a state court in Michigan. See Opinion Dismissing Case at 2. In his complaint, he claimed, among other things, that he had never, in fact, been discharged from military service, and thus that he was entitled to an award of back pay. See id. The Court held that it lacked jurisdiction over Mr. Jurich's claims because they were time-barred by the applicable (and jurisdictional) statute of limitations. See id. at 3–4. Further, the Court noted that even if it had jurisdiction over Mr. Jurich's complaint, he had failed to state a claim upon which relief could be granted, as service members are not entitled to pay while absent from duty due to incarceration. See id. at 4 n.3.

RCFC 60(b) states that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons:

7017 1450 0000 1346 1017

1) Mistake, inadvertence, surprise, or excusable neglect;
2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) The judgment is void;
5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) Any other reason that justifies relief.

RCFC 60(b).

"As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994) (citing 7 James W. Moore & Jo Desha Lucas, Moore's Federal Practice ¶¶ 60.18[8], 60.19 (2d ed. 1993)). At the same time, "[t]he United States Supreme Court has 'cautioned that the Rule should only be applied in extraordinary circumstances.'" Perry v. United States, 558 F. App'x 1004, 1006 (Fed. Cir. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)) (alterations omitted). Therefore, in ruling on a motion under RCFC 60(b), a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851 (2d ed. 1995)).

Having carefully considered Mr. Jurich's motion, the Court concludes that none of Rule 60(b)'s grounds for relief are met here. In his motion, Mr. Jurich asserts that he has come upon newly discovered evidence showing that he was not discharged from the armed services until 2018. See Mot. for Relief From J. Under RCFC 60(b) With Mem. of Law Incorporated Therein (Pl.'s Mot.) at 3, Docket No. 19. According to Mr. Jurich, this evidence takes the form of an honorable discharge certificate, dated April 10, 1984, which Mr. Jurich claims was "generated in March, 2018 and backdated to April, 1984." Id.; see also Pl.'s Mot. Ex. D. Thus, Mr. Jurich claims, "no discharge ever existed until March, 2018." Pl.'s Mot. at 3.

Further, Mr. Jurich claims that this document is somehow fabricated or falsified; that the government has committed fraud upon the Court because it represented that he had been discharged while knowing that he remains on active duty; and that the Court's judgment is void because the Court returned to him unfiled an attempted sur-reply to the government's motion to dismiss that he wished to file. See id. at 3, 14, 17.

First, as the government points out, even assuming that the discharge certificate constitutes new evidence (which the Court does not decide), and even if the Court were to

accept Mr. Jurich's wholly implausible theory that the discharge was only effective as of March 2018, Mr. Jurich's claim would not be materially affected because he would still lack any statutory entitlement to pay while incarcerated. See Def.'s Opp'n to Pl.'s Mot. for Relief From Dismissal at 5, Docket No. 19 (observing that 37 U.S.C. § 503(a) "flatly prohibits Mr. Jurich from receiving any back pay during his pre- and post-conviction civilian incarceration"); see also Opinion Dismissing Case at 4 n.3.

Second, a party seeking to show fraud upon the court must support such a claim with "clear and convincing evidence." See Madison Servs., Inc. v. United States, 94 Fed. Cl. 501, 507 (2010) (quoting Venture Indus. Corp v. Autoliv ASP, Inc., 457 F.3d 1322, 1333 (Fed. Cir. 2006)). But the honorable discharge certificate Mr. Jurich has produced indicates that the government has accurately characterized the date of his discharge all along. He thus has produced no evidence at all, let alone evidence of a "clear and convincing" nature, that the government committed fraud upon the Court.[1]

Finally, the Court's decision to return Mr. Jurich's attempted sur-reply to him was well within its considerable discretion to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," and did not somehow deny him the opportunity to be heard. See Link v. Wabash Ry. Co., 370 U.S. 626, 630–31 (1962) (footnote omitted).

In sum, Mr. Jurich has failed to identify any grounds under RCFC 60(b) that would justify relief from the Court's judgment dismissing his case. His motion for relief from judgment is therefore **DENIED**.[2]

## CONCLUSION

For the reasons discussed above, Mr. Jurich's motion for relief from judgment is **DENIED**.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[1] The Court does not credit Mr. Jurich's assertion that the discharge certificate is "fabricated" because it was apparently generated recently. See Pl.'s Mot. at 3.

[2] The Court also **DENIES** Mr. Jurich's renewed request to for the appointment of counsel as beyond the Court's authority. See Pl.'s Mot. at 20–21.